UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CHAVEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF HAYWARD, et al.,<br><br>        Defendants. | Case No.  14-cv-00470-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING RE MOTION TO AMEND** |

    The court has reviewed the parties' briefing on Defendant City of Hayward's motion for leave to file counterclaims (Docket No. 50).  Setting aside the relief requested in Defendant's motion, the court questions whether Defendant has alleged plausible, viable counterclaims for quantum meruit and violation of the Bane Act, California Civil Code section 52.1.  Neither party addressed the viability of these claims in the motion papers other than on statute of limitations grounds.  The court conducted research into these claims and was unable to find any quantum meruit or Bane Act claims made under similar circumstances.

    Given that Defendant seeks to raise these counterclaims close to the end of discovery, in the interest of judicial economy, the court orders the parties to submit additional briefing on this issue, as follows.  By no later than **March 30, 2015**, Defendant shall file a brief that does not exceed eight pages, addressing 1) the basis and support for its proposed quantum meruit claim against Plaintiff for the cost of police and fire services "as requested by Plaintiff's reprehensible conduct" and "rendered in response to the Domestic Violence Incident that he caused."  (Proposed Counterclaims ¶¶ 16, 19.)  The court notes that to recover in quantum meruit, "a party need not prove the existence of a contract, but it must show the circumstances were such that the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made."  *Olsen v. Harbison*, 191 Cal. App. 4th 325, 330 (2010) (internal citations and

quotation marks omitted); and 2) the basis and support for its proposed Bane Act claim based on Plaintiff's conduct towards the alleged victim of domestic abuse, addressing the California Supreme Court's holding in *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998).

Plaintiff shall file an opposition that does not exceed eight pages by no later than **April 6, 2015**. Any reply shall not exceed four pages and is due by **April 9, 2015**.

The March 26, 2015 hearing on the motion to amend and case management conference is VACATED. The court will reschedule the hearings upon the completion of the supplemental briefing.

**IT IS SO ORDERED.**

Dated: March 23, 2015



Donna M. Ryu
United States Magistrate Judge