1  Andrew C. Schwartz (State Bar No. 64578)
   Nick Casper (State Bar No. 244637)
2  Adam Carlson (State Bar No. 257795)
   CASPER, MEADOWS, SCHWARTZ & COOK
3  A Professional Corporation
   2121 North California Blvd., Suite 1020
4  Walnut Creek, California  94596
   Tel:  (925) 947-1147
5  Fax:   (925) 947-1131
   schwartz@cmslaw.com; ncasper@cmslaw.com; carlson@cmslaw.com
6
   Attorneys for Plaintiff
7  JOSHUA CHAVEZ

8  MICHAEL S, LAWSON (SBN 48172)
   City Attorney
9  JOSEPH E. BRICK (SBN 253132)
   Assistant City Attorney
10 CITY OF HAYWARD
   777 B Street, 4th Floor
11 Hayward, CA 94541-5007
   Tel: (510) 583-4450
12 Fax: (510) 583-3660
   Michael.Lawson@Hayward–ca.gov  Joseph.Brick@Hayward-ca.gov
13
   Attorneys for Defendants
14 CITY OF HAYWARD, et al.

15

16                 UNITED STATES DISTRICT COURT

17      NORTHERN DISTRICT OF CALIFORNIA (OAKLAND DIVISION)

18

19 JOSHUA CHAVEZ,                     CASE NO.:  C14-00470-DMR-ADR

20            Plaintiff,
                                      *[Assigned for All Purposes to
21 v.                                 Hon. Donna Ryu, Courtroom 4]*

22 CITY OF HAYWARD, et al.,
                                      **JOINT DISCOVERY LETTER**
23            Defendants.

24
                                      **Date Action Filed: January 31, 2014**
25                                    **Trial Date:        September 4, 2015**

26

27

28

---

1    To the Honorable Magistrate Judge Donna M. Ryu:

2        The parties in the above-captioned matter have been unable to informally resolve the discovery

3    issues set forth below, and thus request the Court's intervention.

4    **<u>DISCOVERY IN DISPUTE:</u>**

5        Plaintiff seeks a Court Order to the Livermore Police Department to release the police reports

6    and other documents related to the criminal prosecution of Defendant Richard McLeod.

7        The following is the procedural history of the discovery requests:

8        **On February 20, 2015, Plaintiff propounded the following production request (Request for**

9    **Production of Documents to Defendant City of Hayward, Set Number Four):**

10       (30)   Any and all documents related to criminal prosecution of Richard McLeod, including

11    but not limited to police reports, supplemental reports, charging documents, and recorded statements,

12    for the incident for which he is currently incarcerated, proceeding through the Gale/Schenone Hall of

13    Justice as Docket No. 145842.

14        **On March 25, 2015, Defendant City of Hayward responded as follows:**

15        Objection(s): Attorney Client.  This request also violates Richard McLeod's Fifth Amendment

16    Right against self-incrimination.  Additionally, this request violates the Officers' Federal right to

17    privacy by calling for the disclosure of information which is private pursuant to statute.  *See Whalen v.*

18    *Roe*, 429 U.S. 589, 598-600 (1977).  The CITY objects to producing the requested documents to the

19    extent that these documents constitute personnel and employment records which are protected by the

20    officer's individual rights of privacy as accorded him under the California Constitution, Article I,

21    Section 1 as well as by the other provisions of California and Federal Law, including, but not limited

22    to, California Penal Code sections 1043, 1044, 1045 and 1046, and the Official Information Privilege.

23    The CITY cannot divulge this information absent a Court Order directing production.

24        Moreover, it violates the self-critical analysis privilege.  *Bradley v. Melroe Co.,* 141 FRD 1

25    (1992); *Granger v. National R.R. Passenger Corp.* 116 FRD 507, 510 (ED PA 1987); *Leon v. County*

26    *of San Diego,* 202 FRD 631, 637 (SD CA 2001).

27        However, without waiving the foregoing objections and in the spirit of cooperation, pursuant to

28    a Stipulated Protective Order, this responding party will comply.  The documents responsive to this

request are, as follows:

> 1) After a diligent search and reasonable inquiry the responding party cannot locate the requested item as they were lost, stolen, or inadvertently destroyed, or never existed.

Discovery and investigation are continuing, and responding party reserves the right to amend this response at a later juncture.

**On February 24, 2015, Plaintiff issued document subpoenas to the Livermore Police Department and the Alameda County District Attorney's Office for the following documents:**

Any and all documents related to criminal prosecution of Richard McLeod in Docket 145842, including but not limited to police reports, supplemental reports, charging documents, and recorded statements.

**On March 10, 2015, the Alameda County District Attorney's Office responded to Plaintiff's subpoena by producing only the Amended Complaint listing the charges against Mr. McLeod and the Declaration and Determination of Probable Cause for Warrantless Arrest.  The DA's Office then stated:**

The undersigned has withheld the remaining contents of the Office's file on the ground that the remaining contents of the file is privileged under California Evidence Code section 1040 on the grounds that the subpoenaing party has made no showing of plausible justification for disclosure, and on grounds that the interests in favor of confidentiality outweigh the interests of the parties in disclosing this information, and for further reasons including, but not limited to, those reasons set forth below:

[The DA's Office then asserted objections based on an ongoing investigation; third party privacy rights; work product; and the deliberative process privilege.]

**On March 5, 2015, Livermore Police Department responded to Plaintiff's subpoena as follows:**

I write in response to your Civil Subpoena received February 25, 2015.  After review of the request it has been determined that in accordance with California Penal Code Section 11167.5 the Livermore Police Department is prohibited by law from release absent a Court Order.

1   **On April 13, 2015, as part of the re-noticed deposition of Defendant McLeod on April 22,**

2   **2015 in Santa Rita Jail, Plaintiff reiterated the request for documents previously made on**

3   **February 20, 2015.**

4    On April 17, 2015, Defendants objected to the production request on the grounds of timeliness,

5   the fact that a Court Order did not permit the production, and the objections that City of Hayward

6   previously raised on March 25, 2015.

7   **MEET AND CONFER EFFORTS:**

8    In addition to the written objections by Defendants to Plaintiff's Request for Production of

9   Documents, Set Four and the Re-Noticed Deposition of Richard McLeod (with production request), the

10  parties exchanged emails on April 13, 2015 setting forth their respective positions on the

11  discoverability of the police reports in the prosecution of Richard McLeod.  In that email exchange,

12  Plaintiff's counsel requested a stipulation to obtain a Court Order for the Livermore Police Department

13  to release the records, and defense counsel refused.

14   Mr. Brick and Mr. Casper then held an in-person meet-and-confer on April 23, 2015 at

15  Plaintiff's counsel's office, in between witness depositions.  After articulating their positions, it was

16  agreed that the issue could not be informally resolved.

17  **SCHEDULING DEADLINES:**

18   Fact Discovery cut-off: **April 24, 2015**

19   Expert Discovery cut-off: **May 22, 2015**

20   Dispositive Motion Deadline: **June 11, 2015**

21   Pre-Trial Conference: **August 19, 2015**

22   Trial: **September 4, 2015**

23  **PLAINTIFF'S POSITION:**

24   On October 1, 2013, the Alameda County District Attorney's Office filed an initial 6-count

25  criminal Complaint against Richard McLeod, alleging felony lewd acts on a child [Cal. Penal Code §§

26  288(a) and 288(c)(1)], continuous sexual abuse [Cal. Penal Code § 288.5(a)], and oral copulation on a

27  child under 14 [Cal. Penal Code § 288a(c)(1)].  The alleged offenses occurred while Mr. McLeod was a

28  Police Activities League teacher at Christensen Middle School in Livermore.

1    On November 5, 2013, Livermore Police Officer Cynthia Moore filed a Declaration of Probable

2   Cause, setting forth investigatory facts that Mr. McLeod, in telephone conversations from Santa Rita

3   Jail, spoke with his wife and other individuals to contact Matthew Schneider, a witness to Mr.

4   McLeod's alleged criminal conduct and who had provided a statement to the Livermore Police

5   Department in its investigation into Mr. McLeod.  Mr. McLeod allegedly told his wife that Mr.

6   Schneider's statements gave the "case wings," and stated that it "was easy to be intimidated."  Mr.

7   McLeod's wife and other friends visited Mr. Schneider multiple times at his work, telling Mr.

8   Schneider that Mr. McLeod's kids missed him, asking him if he was going to let Mr. McLeod "hang

9   like that," and telling him he could "remedy the situation."

10    On November 6, 2013, the District Attorney filed a 17-count Amended Complaint against Mr.

11   McLeod, alleging additional child victims, and a count of dissuading a witness from prosecuting a

12   crime [Cal. Penal Code § 136.1(b)(2)].

13    On March 26, 2015, Mr. McLeod entered a plea of no contest to 4 counts of felony lewd acts on

14   a child and 1 count of felony continuous sexual abuse.  Mr. McLeod will be sentenced to prison on

15   August 10, 2015.

16    Plaintiff is entitled to the documents related to the criminal prosecution of Mr. McLeod for

17   purposes of impeachment, specifically to reveal information about specific instances of conduct that

18   bear on truthfulness, and to reveal witnesses who can testify to Mr. McLeod's reputation for

19   truthfulness.

20    Witnesses who take the stand put their character for truthfulness at issue.  As stated by the Ninth

21   Circuit, "the technicalities surrounding impeachment tend to submerge the basic aim of all credibility

22   rules: to admit evidence that enables the trier of fact to determine whether or not the witness is telling

23   the truth. Where there is no act of 'telling,' there is no need to determine the credibility of the witness."

24   *Urooj v. Holder* (9th Cir. 2013) 743 F.3d 1075, 1078.

25    Fed. R. Evid. 608 states, in part:

26    (a) Reputation or Opinion Evidence. A witness's credibility may be attacked or supported by
     testimony about the witness's reputation for having a character for truthfulness or

27   untruthfulness, or by testimony in the form of an opinion about that character. But evidence of
     truthful character is admissible only after the witness's character for truthfulness has been

28   attacked.

(b) Specific Instances of Conduct. Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of

(1)   the witness; or

(2)   another witness whose character the witness being cross-examined has testified about.

Thus, under Rule 608(b)(1), a witness may be cross-examined about specific conduct that bears on the witness' character for truthfulness and Rule 608(a) allows for the admission of reputation or opinion evidence on a witness' character for untruthfulness.

Here, there are serious allegations that Mr. McLeod attempted to dissuade a key prosecution witness from testifying against him by employing family and friends from jail to contact the individual. Such conduct strikes at the heart of bad conduct that bears on truthfulness contemplated by Rule 608(b).  This is particularly so in light of Mr. McLeod's prior experience as a police officer, thus knew or should have known the impropriety of his conduct.   Furthermore, the documents may reveal witnesses who can testify to Mr. McLeod's reputation for having a character for untruthfulness.

Such discovery is relevant to Plaintiff's claims – Mr. McLeod is one of three defendant officers who used excessive force against Plaintiff, has been deposed, and will testify at trial, thus his credibility is squarely at issue.   Defendants' anticipated Rule 403 argument is also appropriately addressed through an *in limine* motion, and does not overcome the broad scope of discovery under Rule 26(b)(1).

Although there are numerous means of compelling production of the sought-after documents, Plaintiff avers that the most straightforward means would be a Court Order to the Livermore Police Department.[1] Plaintiff agrees that the produced documents would be produced subject to the Stipulated Protective Order, and that all names of minor victims can be redacted.

\ \ \

\ \ \

---

[1] Defendants have stated that they do not possess the requested records, and that the documents in the possession of Mr. McLeod's criminal defense attorney are not within their possession, custody or control.  Plaintiff disagrees with Defendants' construction of possession, custody or control, particularly as Defendants urged the criminal defense attorney to attend Mr. McLeod's April 22, 20143 deposition at Santa Rita Jail.  Nevertheless, Plaintiffs here seek the documents from Livermore Police Department.

**DEFENDANTS' POSITION**

**A.    THIS DISCOVERY ATTEMPT IS UNTIMELY AND IN BAD FAITH**

The circumstances under which Plaintiff's effort to obtain records relating to an unrelated criminal prosecution is made reveals that this attempt is nothing more than an afterthought-- meant to harass the Defendants. Firstly, this request is untimely. Fact discovery concluded on April 24, 2015. The parties have already begun expert discovery and have a dispositive motion deadline requiring motions to be filed by May 7, 2015. Plaintiff did not send this joint letter until the afternoon of April 27, 2015- after the discovery cut-off. Plaintiff does not cite to any authority that permits late joint discovery letters.[2]

Moreover, this discovery letter does not comply with the Court's August 6, 2014 Standing Order. The Standing Order requires that a party draft the letter so that both parties have adequate time and space to brief the issues. It also requires that the letter is filed within 5 days of the meet and confer- which was not done as explained below. Plaintiff sent this letter after the discovery cut-off, during expert discovery, ten days before dispositive motions have to be filed. This leaves a mere three days to prepare a response[3]. Furthermore, Plaintiff left one out of eight pages for the defendants' entire response. The defense is prejudiced by both lack of time, space, and the interference in both expert discovery and the preparation of its dispositive motion.

Additionally, the meet and confer regarding this issue was not meaningful. Plaintiff did not present any authority in support of his position. Even now, this Plaintiff's position remains unsupported; the only citations relate to potential admissibility at trial- not production of records under similar circumstances to the present issue. Under these circumstances, Plaintiff's joint letter is untimely, harassing, and prejudicial to the Defendants and should be disregarded.

**B.    JOINT LETTERS ARE AN IMPROPER PROCEDURE FOR THIRD PARTY DISCOVERY**

Mr. McLeod has no legal right to the criminal investigative file generated and maintained by a

---

[2] Local Rule 37-3 allows seven additional days after the discovery cut-off in which to file a motion to compel unless a court modifies this timeline. It does not address additional time for joint discovery letters. The Court's Trial Setting Order setting the discovery cut-off and expert discovery disclosure deadline supports the interpretation that all discovery issues had to be resolved by the cut-off as expert discovery commenced after fact discovery concluded.
[3] Assuming Local Rule 37-3 extends time for the motion which the City maintains is not the case here.

third party. (Official Information Privilege; Cal. Gov. Code. §6254). Indeed, a situation where a criminal suspect has control over his investigator's file is beyond reason. Moreover, the documents sought would clearly violate Mr. McLeod's Fifth Amendment rights if he was able to obtain them thereby precluding production.  Plaintiff seeks to work an end run around the timing requirements for a motion to compel (applicable to third parties) by seeking to shoehorn third party discovery into the informal process for resolving discovery disputes between <u>the parties</u>.

Even if the joint letter procedure was applicable to third parties, Plaintiff did not follow the proper procedures. Assuming for the sake of argument that the informal procedure applied, <u>Plaintiff failed to meet and confer with the relevant party- i.e. the City of Livermore.</u>

## C.    CITY ADEQUATELY RESPONDED TO PLAINTIFF'S REQUEST NO. 30

Plaintiff sought the above mentioned records from the <u>City of Hayward only</u>. The City does not have any responsive records. Mr. McLeod was hired approximately nine years after the majority of the alleged criminal conduct. None of the allegations overlap with his period of employment at the City. Moreover, subsequent to his arrest he resigned. The City adequately responded to this request which is why Plaintiff is focusing on the Livermore Subpoena.

## D.    PLAINTIFF'S REQUEST FOR RECORDS IN MR. MCLEOD'S DEPOSITION NOTICE WAS UNTIMELY

Plaintiff failed to provide the requisite time for a document request to be included in a deposition notice. A request for the production of documents contained in a deposition notice of a party is governed by Rule 34- not Rule 30. Under Rule 34, a minimum of 30 days' notice, plus 3 for mailing, is required. see Fed. Rule Civ. Proc. §§ 34(b)(2)(A) & 30(b)(2). Because the request did not allow 33 days for the production of documents prior to the deposition, it was untimely.

## E.    PLAINTIFF'S REQUEST IS BEYOND THE SCOPE OF PERMISSIBLE DISCOVERY

The unrelated criminal allegations against Mr. McLeod do not support any of Plaintiff's claims and are being sought merely to harass and obstruct the defendants in their trial preparations.

\ \ \

\ \ \

\ \ \

1    By signing below, the signatories attest that they have meet and conferred as specified above in

2  compliance with the Court's General Standing Order

3

4

5  DATED: May 1, 2015                 By:_____/s/ - "Nick Casper"_____

6                                          Nick Casper
                                           Adam Carlson
7                                          CASPER, MEADOWS, SCHWARTZ & COOK
                                           Attorneys for Plaintiff JOSHUA CHAVEZ
8

9  DATED: May 1, 2015                 MICHAEL S. LAWSON, City Attorney

10

11                                    By:_____/s/ - "Joseph E. Brick"_____

12                                          Joseph E. Brick, Assistant City Attorney
                                           Attorneys for City of Hayward, et al.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28