UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CHAVEZ,<br>   Plaintiff,<br> v.<br>CITY OF HAYWARD, et al.,<br>   Defendants. | Case No. 14-cv-00470-DMR<br><br>**ORDER RE ADMINISTRATIVE MOTION TO SEAL**<br>Re: Dkt. No. 67 |

### I. Background

Pursuant to Civil Local Rule 79-5(d), Plaintiff Joshua Chavez moves to file under seal portions of his brief in opposition to Defendants' motion for summary judgment, as well as certain exhibits attached to the May 21, 2015 declaration of Adam Carlson (Docket No. 68). [Docket No. 67.] Plaintiff moves to seal on the grounds that Defendants designated the material as confidential pursuant to the parties' stipulated protective order.

On June 5, 2015, in response to a court order, Defendants submitted a supporting declaration pursuant to Local Rule 79-5(e). [Docket No. 74 (Brick Decl., June 4, 2015).] In the declaration, defense counsel withdrew the confidential designation as to several documents. (Brick Decl. ¶ 4(b).) Due to a lack of clarity in Defendants' submissions, the court subsequently issued two orders directing Defendants to specifically identify the documents and deposition page numbers they seek to seal. [Docket Nos. 78, 80.] In response, Defendants filed two statements in which they identified portions of the deposition transcripts of Defendant Miller and HPD Officer Jeffrey Snell, as well as excerpts from Plaintiff's opposition brief. [Docket Nos. 79, 81.]

### II. Discussion

The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). When a party seeks to seal judicial

records filed in connection with dispositive motions, a "compelling reasons" standard applies. *Id.* at 1179. This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and internal quotation marks omitted). "[A] 'good cause' showing alone will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments."[1] *Id.* at 1180. As the court in *Kamakana* stated:

> In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. . . . The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))(citation and internal quotation marks omitted).

Here, Defendants ask the court to seal portions of the Miller and Snell deposition transcripts (Exhibits F, G), as well as excerpts from Plaintiff's opposition brief. [Docket No. 81.] Defendants argue that the court should seal the deposition testimony because it discusses private personnel records that are protected from disclosure pursuant to the California Penal Code and Evidence Code, as well as Miller's right to privacy as guaranteed by article I, section 1 of the California Constitution. (Brick Decl. ¶ 5.)

California Penal Code section 832.7, along with California Evidence Code sections 1043-1046, govern the confidentiality, discovery, and disclosure of police officers' personnel records. These state statutes do not shield the material from disclosure, because in this section 1983 action,

---

[1] In contrast, a "'good cause' showing . . . will suffice to keep sealed records attached to *non-dispositive* motions." *Kamakana*, 447 F.3d at 1180 (emphasis added) (citation omitted).

federal common law applies. *See* Fed. R. Evid. 501; *see also Hunter v. City & Cnty. of San Francisco*, No. 11-4911 JSC, 2013 WL 2319064, at *2 (N.D. Cal. May 28, 2013) (holding section 832.7 does not apply in federal question case to support sealing a reference to prior excessive force complaints against an individual defendant police officer; ordering portion of information sealed on other grounds (citing *Garrett v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987))). Instead, Defendants must show "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records." *See Kamakana*, 447 F.3d at 1178.

In his deposition, Miller testified about previous documented incidents in which he used force. The testimony includes the names of individuals on whom Miller used force and details about Miller's involvement. Plaintiff does not argue that those individuals complained about Miller's use of force or that any of the incidents involving his use of force were deemed unjustified. Instead, it appears that Plaintiff submitted Miller's testimony to show that HPD was aware that Miller used force on several occasions but did not take responsive corrective action. Given the limited purpose of the testimony, the court finds that Miller's privacy interest in his testimony about these incidents outweighs the public's interest in disclosure and grants the motion to seal as to his designated deposition testimony. *See, e.g., Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *2 (N.D. Cal. Aug. 9, 2012) (finding police officer's privacy interest outweighed interest in disclosure in unsubstantiated citizen complaints and ordering complaints sealed).

The court reaches a different conclusion regarding the deposition testimony of Officer Snell. Snell's testimony relates to his Internal Affairs investigation into whether policy violations occurred during the incident at issue in this case. Plaintiff relies on this testimony in support of his *Monell* ratification claim. The testimony itself is not particularly sensitive. Defendants' privacy interest is insufficient to overcome the public's interest in understanding the basis for Plaintiff's *Monell* claim. Accordingly, the court declines to seal the designated portions of Snell's deposition testimony.

The portions of Plaintiff's opposition brief which refer to Miller's confidential deposition testimony shall also be filed under seal:

3

1. page i, line 27
2. page 10, line 24 through page 11, line 6
3. page 11, lines 14-16

### III. Conclusion

Within seven days of the date of this order, Plaintiff shall (1) file a redacted version of his opposition brief in conformance with this order, and (2) file unredacted copies of all documents he originally filed conditionally under seal, with the exception of Miller's confidential deposition testimony.

**IT IS SO ORDERED.**

Dated: June 19, 2015



Donna M. Ryu
United States Magistrate Judge